[Cite as *In re Adoption of A.C.*, 2011-Ohio-1809.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   95612

# IN RE: ADOPTION
# OF A.C.
# (A Minor Child)

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Court Division
Case No. 06 ADP-0005623

**BEFORE:**   E. Gallagher, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   April 14, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. McCormack
The Superior Building
Suite 1915
815 Superior Avenue
Cleveland, Ohio   44114


**FOR APPELLEE**

**For J.C. (Stepmother)**

Stepmother, J.C., pro se
6503 Laverne Avenue
Parma, Ohio   44129


EILEEN A. GALLAGHER, J.:

{¶ 1}   P.R. ("Appellant") appeals the July 27, 2010 decision of the Cuyahoga County Probate Court denying her motion to vacate a final decree of adoption.[1]   Appellant argues that the trial court erred in holding her motion to be time-barred and by not affording her a hearing on the merits of her motion. For the reasons that follow, we affirm.

{¶ 2}   This case arises out of a 2006 petition for the adoption of a minor child, A.C.,

---

[1] The parties are referred to herein by their initials or title in accordance with this court's established policy regarding nondisclosure of identities in juvenile cases.

by her step-mother, J.C., ("petitioner"), wife of A.C.'s biological father, C.C. Appellant is the biological mother of A.C. Petitioner filed an affidavit for service by publication asserting that appellant's residence was unknown and could not be ascertained with reasonable diligence. Appellant was also served with notice of the adoption by publication. The adoption of A.C. was finalized on June 6, 2006.

{¶ 3} On June 8, 2010, appellant filed a motion to vacate the final decree of adoption, alleging that she was not properly served with notice of the petition of adoption because during the pendency of the case her whereabouts were readily ascertainable by petitioner and C.C. through the exercise of reasonable diligence. Appellant provided an affidavit in support of her motion to vacate. Through that affidavit, appellant asserts that she underwent a legal name change in the Superior Court of Maricopa County, Arizona in November of 2005. Appellant alleged that C.C. interfered with her contact with A.C. by returning mail that she had sent, by not permitting telephone contact with the minor child and by changing residences without providing a new address or contact information to her. Appellant additionally alleged that "at all times during the adoption process, C.C. was receiving child support payments from me." Finally, appellant admitted that she learned of the adoption in 2006 and stated that she did not contest the adoption until June of 2010 due to her inability to pay for an attorney.

{¶ 4} The trial court denied appellant's motion to vacate on July 27, 2010, finding

that contrary to appellant's affidavit, the records of the Cuyahoga County Child Support Agency reflected that appellant made only one partial payment of child support during the year preceding the adoption petition. The trial court held that petitioner could not have ascertained appellant's address from the Child Support Enforcement Agency because appellant had failed to report her name change in 2005 or 2006. Finally, the trial court found appellant's motion to vacate to be untimely due to appellant's admission that she was aware of the adoption in 2006 and failed to file her motion to vacate until June of 2010. It is from this judgment entry that appellant presently appeals.

{¶ 5} In appellant's first assignment of error she argues that the trial court erred in holding that her motion to vacate the decree of adoption was time-barred. Appellant argues that the one-year statutory limitation for challenging an adoption decree found in R.C. 3107.16(B) is inapplicable to her pursuant to Ohio case law that holds the statute to be unconstitutional as applied to a biological parent challenging adequate notice of an adoption. R.C. 3107.16(B) provides, "[s]ubject to the disposition of an appeal, upon the expiration of one year after an adoption decree is issued, the decree cannot be questioned by any person, including the petitioner, in any manner or *upon any ground, including* fraud, misrepresentation, *failure to give any required notice, or lack of jurisdiction of the parties or of the subject matter*, unless, in the case of the adoption of a minor, the petitioner has not taken custody of the minor, or, in the case of the adoption of a minor by a stepparent, the adoption

would not have been granted but for fraud perpetrated by the petitioner or the petitioner's spouse, or, in the case of the adoption of an adult, the adult had no knowledge of the decree within the one-year period."  (Emphasis added.)

{¶ 6}  Appellant argues that pursuant to the holding of *In Re Adoption of Knipper* (Mar. 26, 1986), 30 Ohio App.3d 214, 507 N.E.2d 436, she is not bound by the one-year statute of limitations for adoption decree challenges set forth in R.C. 3107.16(B).  In *Knipper*, the First District held that the one-year limitation in R.C. 3107.16(B) was unconstitutional and, therefore, ineffective as applied to deprive a biological mother of her parental rights without valid constructive notice.  Id. at 216, citing *Armstrong v. Manzo* (1965), 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62.  The trial court in *Knipper* had granted the biological mother's motion for relief from judgment four years after the adoption because it found that reasonable diligence was not exercised in an effort to determine the address of the natural mother.  Id. at 216.

{¶ 7}  However, subsequent case law has constrained the holding in *Knipper*.  The Third District held in the case of *In Re Adoption of Miller*, Logan App. Nos. 8-02-22 and 8-02-23, 2003-Ohio-718, that the holding in *Knipper* does not apply in an instance where, as here, the biological parent had actual knowledge of the adoption within the one-year statute of limitations yet failed to challenge the adoption until after the one-year period had elapsed. Id., citing *Wiley v. Rutter* (Oct. 12, 1983), Tuscarawas App. No. 1772 and *In re Adoption of*

*Moore* (Aug. 15, 1989), Franklin App. No. 88AP-746.

{¶ 8} The present case concerns more than the sole interests of the appellant. The interests of the adopted child and adoptive parents are protected by R.C. 3107.16(B). The court in *Wiley* explained, "[t]he legislature, in enacting R.C. 3107.16, would have been well aware of various instances where natural parents have attacked the finality of adoption decrees. The legislature would have been well aware of the devastating effect of such an attack, even an unsuccessful one, upon adoptive parents and adopted children. It would have been aware of the worry and chilling effect placed upon the developing parent/child relationship by the knowledge that the relationship could be completely severed if some legal error were made in the prior proceeding, and that the adoptive parent and child would be virtually helpless if such error were made. The legislature has not deprived appellant of constitutional rights. The legislature has struck a balance in enacting R.C. 3107.16(B) to give the natural parent a reasonable time to make either direct or collateral attack upon an adoption decree. After that reasonable time, one year, the adoptive parents and child should be allowed the certainty of their ongoing relationship."

{¶ 9} Here, appellant admitted in an affidavit attached to her motion to vacate the final decree of adoption that she learned of the adoption in 2006. Despite possessing knowledge of the adoption, at the latest, less than seven full months after it was finalized, appellant did not contest the adoption until June of 2010, more than four years after

finalization. Appellant asserted in her affidavit that during the intervening four years she was acquiring the funds to hire an attorney to contest the adoption. However, appellant was not precluded from filing her motion to vacate, pro se. We hold, as in *In Re Adoption of Miller*, that upon these facts, the application of the one-year statute of limitations in R.C. 3107.16(B) represents a reasonable legislative act, and does not run afoul of constitutional prohibitions.

{¶ 10} Additionally, as the trial court noted, appellant's argument that her whereabouts were readily ascertainable by petitioner through the Cuyahoga County Child Support Enforcement Agency is flawed. Appellant admitted in her affidavit that she underwent a legal name change in the Superior Court of Maricopa County, Arizona in November of 2005. However, the records of the Child Support Enforcement Agency reflect that appellant failed to report her legal name change to them.

{¶ 11} Appellant's first assignment of error is overruled.

{¶ 12} Appellant argues in her second assignment of error that the trial court erred in not holding an evidentiary hearing to determine the merits of her motion to vacate. Because we hold that the trial court was correct in denying appellant's motion as untimely, appellant's second assignment of error is moot.

{¶ 13} Finally, we note that appellant alleges in her affidavit and appellate brief that since the finalization of the adoption, she has continued to pay child support payments through the Cuyahoga County Child Support Enforcement Agency, which petitioner and C.C.

accepted.   The record of child support payments before us, however, does not cover the time period after the adoption was finalized.   To the extent that appellant's claim is true, the court finds the acceptance of such payments along with the failure to notify the Cuyahoga County Child Support Enforcement Agency of the adoption's finalization to be unconscionable.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR